17-1691, 1002 E. 87th Street LLC v. Midway Broadcasting Corp. Good morning. Again, I am Charles Albert, and I'm representing the appellant of 1002 E. 87th Street LLC. As we have described in our briefs, we believe that the trial court erred as a matter of law and that the court's decision is not consistent either with the plain language of our lease or with the common law. As this court is well aware, a lease is just a contract, and a contract is to be construed according to its terms. The terms of the contract here provide that the tenant, the defendant in this case, if they made partial payments, if they made late payments, if they failed to pay, the landlord's action or inaction did not constitute a waiver. That means that if they didn't pay, they still owed under the terms of the lease. So who were they supposed to pay? We're supposed to pay the landlord, Your Honor. Mr. Justice? Where does it say that? I mean, under the landlord, the landlord who owned the property is the one that should be paid, shouldn't it? The one that owned it, probably at the time that the payments were not made. No, Your Honor, because what the lease says is that the landlord is paid, and the definition of landlord includes successor and sides. No, but there's no case, and you don't say anything, that says that the landlord would be, the former landlord no longer has a right to that money. No, Your Honor, I didn't cite a case that says the former landlord would have no right to that money. I don't believe there is a case that says that, because a landlord can, in fact, preserve that claim for itself. Yes, but they did it in the lease, but where in the lease did they do that? No, no, no, what I'm saying is there's no case that says they can't keep that money for themselves. Well, of course, but the question is whether, there's no law. The law, if anything, says that you owe the landlord who owned the, who had the lease, that you leased with at the time of the arrears. That's what the law says, the cases that have been cited by your opponent. So the first owner has a right to this money? Yes. The lease does not say, when the landlord sold the first owner, sold the building to the second owner, there's nothing that says, oh, and by the way, I'm also selling you my right to this back pay. Is that a correct statement? Well, no, Your Honor. There's nothing in the lease that says that. I don't think that is correct because what I think the lease does say is the money is owed to the landlord. And it doesn't say that the money is owed to the landlord who owns the building at the time. Can we talk about first owner and second owner just to keep things simple? Yes. Okay, so you think that the lease says that the lease allows for the second owner to collect unpaid rents owed to the first owner? Correct. The lease doesn't talk in terms of the first landlord receives X, the second landlord receives Y, and any subsequent landlord receives Z. What it says is that the landlord is defined in these ways. And one of the ways in which the landlord is defined is as a successor. Sure. But the language of the lease that you cite is tenant shall attorn to the landlord. Attorn means to pay rent. Tenant has to pay rent to the landlord, whoever the landlord is. It could be the original landlord or a successor landlord. And the tenant here says, I attorned to the new landlord. I tendered the January whatever rent. The new owner would not accept it. So I've complied with the terms of the lease. How is it that the tenant didn't do what the lease said the tenant was supposed to do? Because the tenant didn't pay the landlord. But if the tenant paid the new owner. Yes. You say $72,000 in back rent is owed. And the tenant said, okay, I'm going to pay you. What's to prevent the original owner from saying to the tenant, I never authorized the new owner to take that rent. You still owe me. And the tenant can say, well, here's the lease. Here's the lease that says that you are no longer the landlord. How is the payment of back rent not a windfall to the new owner? Because the new owner didn't own the property when the back rent accrued. Well, the new owner paid for the property with all of its assets and all of its liabilities. And one of the assets. The liabilities of the liabilities of the owner. It took the liability as well, yes. So if the owner had a contract to put on a new roof, the first owner had a contract to put on a new roof, the second owner would have accepted that. Yes. In the contract. Not in the lease, but in the contract for sale. In the contract for sale as well as in the lease, Your Honor. Well, the lease is not between the new owner and the old owner. Right? The new owner and the old owner are not both. There's only one owner on the lease, right? At a time, yes. And in order to have a right to collect rent, you have to be an owner. Is that right? That is correct. And 87th Street wasn't the owner when the accrued rent was coming due. That is correct. So, again, the same question that's being asked is, under the law, because the previous owner number one had a right to those monies on the lease, owner number one could sue for that amount and so could owner number two under what you're saying. And that's not what the law says. Well, I don't believe there are any cases that say that successive owners under a lease, a written lease, cannot pursue their rights under the lease at that time. So, Your Honor, under your scenario, what I'm saying is that owner number one has a right to recover those rents as long as he is owner number one under this lease. Owner number one's rights cease as of the time that he sells his interest in the property. He's no longer a landlord under the terms of this lease. Owner number two is now the landlord under the terms of this lease. And owner number two gets all the rights as well as all the liabilities under the lease. So, if I understand the argument you're making here, it's that the contract between the successor owners governs what the new owner got. And that's not the argument that was presented to the trial court. In the trial court, the new owner said the lease provides, period, that I get these back rents. And there wasn't any argument that the contract between the original owner and the successor owner factored in this past due rent as either an asset or a liability. And, therefore, I've already paid for the ability to collect this rent. I don't see that argument being advanced in the trial court. I don't think that argument was advanced in the trial court. I don't think it was necessary for that argument to have been advanced in the trial court because I believe that the agreement between owner number one and owner number two covered a number of things that weren't necessarily covered in the lease. But what comes out of that agreement is still what we argued to the trial court. And that is whatever rights the defendant has is governed by this lease. And what the lease says is that you can have successive landlords. The lease does not say successive landlords have different rights. I believe that's the argument that we made low. It certainly is the argument I'm trying to make now. The lease does not say there are different rights between successive landlords. I think the problem with your argument is in order to be entitled to the rent at the time that it is due, you need to be an owner. Yes. And owner number two was not an owner when the rents accrued. Therefore, they had no right to it. And that's why the law says that owner number one could seek those past accrued rents. Owner number two just stands in the shoes going forward so that they begin to collect the rent. And they make payments to you, which is a proper thing. The fact that you can't find any cases supporting your position seems to be that it's because that isn't the way things have worked. This is a boilerplate type of lease. Yes. Yes, I do. And under your interpretation then, every new owner could go after every existing tenant for any amounts that weren't paid previously to the former owner. That is exactly my argument. On the lease. On the lease. And the fact that there is no case like that seems to indicate the absence of such a case speaks loudly, put it that way. Well, the absence of such a case says to me that they read the lease. They agreed that the lease says successive owners have the same rights. People wouldn't have to. I don't think so. You could try to make that argument. But, you know, this society is too contentious. I haven't seen a case where someone tried that argument and you said no. But here, when you look at what you're saying, there's nothing in the lease that specifically says what you're saying. You have to interpret things here and there and then refer to an agreement that has nothing to do with this case, which is the agreement between the owner number one and owner number two. Well, I'm not trying to refer to that. I'm trying to stick to this. If the first owner owned the right to this money. Yes. And the first owner, in negotiating the contract for sale, had sold that right to the second owner, then I think you're going to be a different argument. But I don't see how the lease, standing alone, accomplishes what you're asking us to read into it. Well, certainly, I believe the way that would work, Your Honor, is that the first owner wanting to keep accrued rents would do what they did in the cases cited by the defendant. And that's say, these are my rents. I'm going to carve this out. And so what we're going to put into our agreement is something that carves this out. And we don't have that kind of carved out. See, that's the problem. The contract wasn't argued, and we don't have the contract. It's not an issue for us. So I'll stand by what I said. Your case would be different if we were talking about a contract clause, but we're not. We're talking about a lease. And the first owner isn't even part of the lease. So I think, Justice, the first owner is not part of the lease that's being contended here. It's the second owner and the renter, the person who's paying the rent. The first owner is not part of this litigation, correct? Right. So I agree with my colleague, Justice Mason. I think there's a piece missing here. Okay. What I'm trying to argue, and maybe I'm being unclear or I'm just flat out wrong, and that is that if you look at the plain language of leases, which we spoke of a lease as a contract. What we do with contracts is we look at the plain language. And the language says that the tenant has certain obligations to the landlord. It doesn't say that the tenant's obligations to the landlord will be different from the first owner or a second owner or a third owner. There is no difference made in the contract between the rights of any of the various definitions of the owner, any of the definitions of the landlord. There's no distinction made in this lease between someone who's identified as a landlord who was the original owner and someone who was a landlord that comes by little succession. So what this lease says is if your title is landlord, when you become landlord under this contract, you have certain rights. Someone who was landlord under this contract, under this lease, may have had rights. We have that definition. But when that definition no longer applies, that landlord no longer has those rights. So I think what Justice Mason was saying earlier counters what you just said, and that is when it says that the tenant agrees to a term with such new owner, that means that the tenant agrees to pay the rent to the new owner. Yes, you could have, but you didn't say anything about past due rent. So you specifically in the lease say what happens for payment going forward. You say nothing in the lease that would allow, that would change what the common law has been, and that is that the owner of the property at the time that a rent accrues is the proper claimant. And you haven't put anything in here that would counter that. So you put something in about who they are to pay, but you didn't do anything in here to protect, to say that anything past due would benefit owner number two. You're absolutely right, Mr. Justice. It does not say that. And you're absolutely right that if it said that, I wouldn't have an issue here today. But what I am urging on the court is it doesn't have to say that in order for the language that we do have to give the result I'm asking for. And again, on page 21 of the lease, certain definitions. It says the landlord is using this lease shall include the party named as such in the first paragraph. First of all, its representatives, assigns, and successors entitled to the premises. What I urge on the court is that if you accept that as what the landlord means in this lease, then whenever anyone has the rights of the landlord, he has the rights of all landlords on the lease. Because the lease itself doesn't draw that distinction. Yes, the lease could have said, and if you're a successor landlord, you certainly have these rights as well. What I'm urging on the court is that the lease doesn't have to say that. And the lease is read against the drafter. The drafter is the landlord. And it's not there. With respect to the atonement, I think by definition atonement is a going forward phrase. You wouldn't have a retroactive atonement. By its definition, it means going forward you will treat Entity B as you would have treated Entity A. But with respect to all the other activities, what we have in the lease, it says, first owner is landlord and has such rights until he is no longer the owner of the property. And those rights cease as a battalion becomes landlord under the terms of the core language of this lease. Then someone else comes in and becomes a landlord. And I think that's consistent with what we see in other cases. Can I just ask you on a related question then? When the tenant filed its counterclaim alleging that the new owner was responsible for the original owner's nonfeasance under the lease. Correct. Did your client admit that? There was no answer to the counterclaim. We were prepared to defend that on the same basis as we were prepared to defend and prosecute the lease. And that is that the lease says you can't have that kind of set off. But, yes, we agreed with the defendant that the landlord. Well, if you didn't answer, then you didn't agree officially. But what the defendant said in the counterclaim was that the landlord, my client, now stands in the shoes of the first owner. And we had these set off claims against the first owner and now we have these set off claims against you. Again, just as Mason pointed out, it counters your argument because it says that the tenant agrees that it tore into such a new owner. And what you're saying is they wouldn't need that sentence. It's superfluous. And we're supposed to read everything that's not being superfluous if we can find it that way in the contract, in the lease. So under your interpretation of the lease, the landlord is the landlord. That's what you're saying. So why do you say you have to pay the new owner? It's totally unnecessary. The reason is because there's a difference. And I think you've been over this a couple of times. Yes. If you would bring your argument to a close, please. I urge the court to review the cases that talk about whether or not a successor landlord can receive the benefits of a prior landlord's accruements. I believe those cases show that there was a- Which case are you talking about? The case decided by the plaintiff, A&LT, Dase and Back, Scully v. People in Bordereau. I believe that those cases show what the landlord does if the landlord, in selling the building, wants to keep the rent. You have the agreement that says we carved this out. And if you don't have an agreement that says that, then you don't get the permit out. Thank you. Thank you, counsel. Ms. Chatman. Good morning. My name is Linda Chatman, C-H-A-T as in Tom, M-A-N. May it please the court, I represent the defendant appellees, Midway Broadcasting Corporation, Melody Spann Cooper and Pierre Cooper. We are asking that this court affirm the lower court's dismissal of the appellant's complaint on the merits. The trial court correctly dismissed this case because this plaintiff appellant was not the owner of the property at the time in question here, in all relevant times. My case is A&LT, Western LLC v. MSMC Realty. It's actually this case actually kind of in reverse. What this was was a landlord who had sold the property. They went back and sued the tenant for rent that was due prior to the sale. The tenant said, no, no, no, you sold this property, so you don't have standing to sue us anymore because it's not your property. But the court held that that landlord did have standing to sue that tenant, and the actual arrearage was not assignable. The same thing is in Bordereau v. Walker. The rent arrearage was not assignable in that case as well. And in Dasenbrock v. Interstate, the original list source cause of action cannot be extinguished by conveyance to another owner. So those cases clearly set out the principles that we base our position on in this case. This appellant purchased this property on December 22, 2014. They immediately refused to accept rent in January of 2015. Why did your client, and correct me if I'm wrong, I'm sorry for your loss. Oh, thank you very much. Why, if it's your client's position that the landlord failed to maintain the property. Correct. Sold it to a new owner. Correct. Who didn't do anything to correct those conditions, at least not immediately. Correct. Why would your client tender rent? My client is a radio station owner, and what they wanted to do was to get a loan. It takes a lot to move a radio station. They had a new buyer. They had a new owner. And in order for them to pick up and to lose their place or to be able to move, it's a lot. And so what they basically wanted to do was to get a good relationship with this new landlord and to move forward and to work out any kinks that they had. That was their thinking. Moving a radio station involves moving the tower. Exactly. Well, the tower is actually on Western, but moving those huge dishes up on the roof, I mean, it's a lot. And you have to deal with the FCC, you know, and all of that. So you have to get permission. So the tenant, just rather than, in order to avoid the expense of having to move all that regulated equipment, just to say it's easier to deal with this new owner. Correct. Correct, Judge. Any mortgage owed to the prior owner was, like I said before, was not assignable. But my opponent actually referred to the lease. And if you look at the portion of the lease that talks about sale, it does talk specifically that all liabilities and obligations shall be binding on the new owner, but it says absolutely nothing about the tenant. It does not state specifically that the tenant would be, that any liabilities that were between the old owner and the tenant would carry over. But their argument is it doesn't have to because it defines the landlord as successors, assigns, and so forth. Right. Now, under their theory, it would be unnecessary to say anything because the landlord is the landlord, whoever that happens to be at the time, and they simply step in the shoes of the prior owner. So why isn't that correct? It is correct that they step in the shoes, but only for their obligations and liabilities. As far as for a rearage and rent, the case law is very, very clear that it is not assignable and it does not carry over to the new owner. Unless the lease specifically, if the lease specifically said that, or if we had ever seen any language about it that it had been sold or that the prior owner had filed a claim and assigned that claim to the appellant, then it might be a different situation. But that's not the case here. Can I ask you a question about the attorney's fees? Yes. The new owner takes the position that this lawsuit was pending for two years. Yes. That there was a counterclaim on file which said new owner stands in the shoes of the old owner. And so the parties litigated on that issue for a while. And it wasn't until two years later that your client got around to filing a motion to dismiss saying the new owner lacks standing. Yes. And so does the $32,000 that the trial court awarded include time spent litigating the legal position that ultimately the tenant abandoned? No. Your Honor, those, the $32,000 does not, the two years that we spent specifically was spent, unfortunately in this case we had three judges and the appellant had four lawyers. Okay. And during this time, this is my opponent's counsel here is the fourth one. There was a lot of delay going on. But we filed a third party claim against the management company that was managing, the management company represented the bank, the prior owner, and this new owner. And we filed a third party claim against them that was spent, a lot of that two years was spent litigating that. The court eventually held that it wasn't, we could not, I'm trying to, I can't remember the word, but we could not bring that suit for conspiracy and tortious interference in the context of this forcible. And so at the end of that, that case was dismissed and it left the two counts. And so were those fees cut out of the petition? They were cut out completely. I gave the judge the entire list of fees with it redacted, showing the ones that were taken out. Nothing in this bill in this 32,000 has anything to do with the third party claim. What about the counterclaim? Or the counterclaim. We did not really deal with the counterclaim. The one issue that I wanted to address is that the council is claiming that they prevailed at trial on some matters. And this has to do with the count, the attorney's fees that my opponent was claiming. But they did not prevail. The attorneys who represented the management company on the third party claim, they filed the motion to dismiss on that. And they prevailed and the case was dismissed because it wasn't relevant to this matter. But there was nothing that the current plaintiff appellant prevailed on at trial. Thank you. Thank you. Mr. Albert. Your Honor, with respect to the attorney's fees award, in addition to there being some aspect of those fees that covered the guarantors who had no contraption right to any kind of recovery of fees, I think the court is right. A review of the description of the services by counsel includes two years of litigation that would have been unnecessary. And instead of claiming that we stood in the shoes of the former owner, we had no standing. Those fees would have been unnecessary. Thank you. Thank you. Mr. Albert, Ms. Chapman, thank you very much for your wonderful arguments and your interesting briefs. This case will be taken under advisement and we are now in recess. Thank you.